UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ELTON BAXTER, JR.                               CIVIL ACTION NO. 15-cv-2499

VERSUS                                          JUDGE FOOTE

NUSSBAUM TRANSPORTATION                         MAGISTRATE JUDGE HORNSBY
SERVICES, INC., ET AL

**MEMORANDUM ORDER**

Elton Baxter, Jr. ("Plaintiff") filed this suit in state court for damages arising from a car accident.  Defendants removed the case based on an assertion of diversity jurisdiction, which places the burden on the removing defendants to set forth with specificity the citizenship of the parties.  The allegations in the notice of removal appear to adequately allege the citizenship of all parties except General Casualty Company of Wisconsin.  Both the notice of removal and that defendant's answer describe it only as a "foreign insurer and citizen of the State of Wisconsin."

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity."  Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).  The

Fifth Circuit requires strict adherence to these straightforward rules. <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 919 (5th Cir. 2001).

The current pleadings do not state with specificity the state where General Casualty is incorporated and where it has its principal place of business. Defendants are directed to file an amended notice of removal by **November 19, 2015** and set forth the necessary information.

All but one defendant has now filed an answer. There is no indication on the docket sheet that **Elisaac Hart** has been served, and Hart has not filed an answer. **Plaintiff is directed to take prompt action to serve Hart and file proof of same.** Failure to do so within the time permitted by Fed. R. Civ. P. 4(m) may result in the dismissal of the claims against Hart. If Hart has been served, he should file an answer within the allowed time. Once Hart has been served and files an answer, the court will issue instructions regarding a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of October, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge